PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 07/2021)

**FILED**
DEC - 8 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF TEXAS
__San Antonio__ DIVISION

__Brian G. Oatman #2097131__
Plaintiff's Name and ID Number

__Connally Unit (TDCJ)__
Place of Confinement

CASE NO. __SA22CA1314 FB__
(Clerk will assign the number)

v.

__Gibrilla Kargbo__
Defendant's Name and Address

__Nurudeen OGunrinola__
Defendant's Name and Address

__Unidentified Officer__
Defendant's Name and Address
( DO NOT USE "ET AL.")

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form**.

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

1

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $52.00 for a total fee of **$402.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $52.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:
    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? **X** YES ___ NO
    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)
        1. Approximate date of filing lawsuit: 10/7/22
        2. Parties to previous lawsuit:
           Plaintiff(s) Brian G. Oatman
           Defendant(s) Kyle Burross, Unidentified assault team, Capt. Schiwart
        3. Court: (If federal, name the district; if state, name the county.) Northern District (Tarrant)
        4. Cause number: 7:22-cv-00101-O
        5. Name of judge to whom case was assigned: Reed O Connor
        6. Disposition: (Was the case dismissed, appealed, still pending?) Pending
        7. Approximate date of disposition: NA

# Previous Lawsuits

1. 2/23/2022
2. Brian Oatman
3. Bryan Collier, Robert Marquardt, Warden Rodriguez, K. Harper
4. 1:22-cv-00022
5. Fernando Rodriguez Jr.
6. Withdrawn
7. 3/31/2022

1. 3/30/2022
2. Brian Oatman
3. Bryan Collier, Bobby Lumpkin, Patrick O'Daniel
4. 1:21-cv-01177
5. Lee Yeakel
6. Still Pending
7. NA

(2A)

II. PLACE OF PRESENT CONFINEMENT: Connally Unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:
Have you exhausted all steps of the institutional grievance procedure?  X YES __NO
Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:
A. Name and address of plaintiff: Brian C. Oatman, Connally Unit, 899 FM, 632 Kenedy, TX 78119

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Gibrilla Kargbo, Sgt of Corrections, 899 FM 632, Kenedy TX 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated my 8th & 14th Amendment rights

Defendant #2: Nurudeen Ogunrinda, Lt of Corrections, 899 FM 632 Kenedy, TX 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated my 4th, 8th & 14th Amendments

Defendant #3: Unidentified officer, 899 FM 632, Kenedy, TX 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated my 8th & 14th Amendment rights

Defendant #4: Vernet Davis Jr., Assistant Warden, 899 FM 632 Kenedy, TX 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated my 8th 14th & 4th Amendment rights

Defendant #5: Roger L. Boyd, Assistant Warden, 899 FM 632 Kenedy, TX 78119
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violated my 1st, 14th, 8th, ADA & RLUIPA rights

3

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

On or about 9-8-2022 an unidentified officer pepper sprayed me in my cell after calling me a faggot for shaving my body hair. Sgt Kargbo took me to medical, placed me in a cage, made me strip out of my clothes then turned my contaminated underwear & shorts inside out & ordered me to put them back on, burning my genitals. Lt. Ogunrinola, destroyed or stole my property & evidence & refused to allow me a shower for 8 days. I was also denied, toilet paper, clothes & a spoon. Warden Davis & Warden Boyd have me improperly housed in 12 building, refuse to supervise their officers and are denying me of my religion access to equal services, understaffing & solitary confinement.

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I request declaratory, Injunctive, Punitive, Compensatory & Nominal damages from these defendants

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
Brian Oatman "Firewater"

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
TDCJ #2097131; York County Prison #79801

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ___YES  X NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division):_____
2. Case number:_____
3. Approximate date sanctions were imposed:_____
4. Have the sanctions been lifted or otherwise satisfied? ___YES  X NO

4

    C. Has any court ever warned or notified you that sanctions could be imposed?    \_\_\_\_YES  X NO

    D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

        1. Court that issued warning (if federal, give the district and division):_____

        2. Case number:_____

        3. Approximate date warning was issued:_____

Executed on: 12-5-2022
DATE

Brian G. Oatman
Brian S. Oatman
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this \_\_\_\_5th\_\_\_\_ day of December , 20 _____.
       (Day)       (month)      (year)

Brian G. Oatman
Brian S. Oatman
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

## Connally Unit Denying Grievances and Retaliating

by Connally Committee of Texas T.E.A.M. O.N.E.
November 2021

First, on B.P.-391 in Texas, there are units that are fighting this policy, yet here on Connally Unit they are taking and denying everything they can and they are not allowing us to appeal anything. We've written a bunch of grievances and they all got returned saying that the issue is not grievable, and when we file step 2's, they are all getting thrown away. We have no wins here on Connally.

Second, we've contacted the TDCJ ombudsman on multiple ranking officers and regular officers. In doing that we are getting retaliated on and harassed. They are cell searching and destroying our property, tearing our pics, denying us our privilege of commissary, rec or day room. We've sent multiple grievances on these officers and they never come back. The wardens are letting them retaliate on us and not doing anything about it! The Connally Unit is steadily short staff only on their Fridays and payday. Right now we're short staffed and when we asked a question about what's going on, they put us on 23-hour lockdown — for asking a question. They are playing with peoples' lives and freedoms here on Connally Unit. We can't grieve officers because they always come back saying "this isn't grievable." We're in a no-win situation here!

**MIM(Prisons) responds:** If they won't let you grieve, then it's time to come together with all who can be united there and get creative. We've been fighting the grievance battle for years. It is only a tactic. It will never solve comrades' problems overall because the rules are only applied when they want them to be. ■

---

"A prisoner's administrative remedies "are exhausted when prison officials fail to timely respond to a properly filed grievance," Haight v. Thompson 763 F.3d 554 (6th Cir 2014)
) "Where officials refused to process first stage grievances contrary to policy, remedy was unavailable; prisoners need not take steps not prescribed in policy to get around him; PLRA Law applied in § 2241 case. (Miller v. Berkebile, 2008 WL 635552, *7-9 (N.D. Tex., Mar. 10, 2008)

11-22-2022  1:21-CV-01177   Brian G. Oatman #2097131 AKA "Fire-Water"

Pg 6

## Exhaustion of Grievances

1) <u>28 CFR 40.7 (e) Fixed time limits.</u> Responses shall be made within fixed time limits at each level of decision. Time limits may vary between institutions, but expeditious processing of grievances at each level of decission is essential to prevent grievances from becoming moot. Unless the grievant has been notified of an extension of time for a response, <u>expiration of a time limit at any stage of the process shall entitle the grievant to move to the next stage of the process.</u> In all instances grievances must be processed from initiation to final disposition within 180 days, inclusive of any extensions [emphasis added]

2) All of these grievances have gone beyond their fixed time limits of 40 days. The Connally Unit has a bad reputation for not processing grievances and retaliating against inmates who file them.

                                              Bar L. Oates #2097131
                                              12-05-2022



# Texas Department of Criminal Justice

## STEP 2   OFFENDER GRIEVANCE FORM

Offender Name: Brian G. Oatman   TDCJ # 2097131
Unit: Connally   Housing Assignment: 12B-39
Unit where incident occurred: Conally

**OFFICE USE ONLY**
Grievance #: 2023008928
UGI Recd Date: _____
HQ Recd Date: _____
Date Due: _____
Grievance Code: _____
Investigator ID#: _____
Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

By filing this step 2 grievance I have successfully exhausted all administrative remedies provided to me in accordance with the Prison Litigation Reform Act (PLRA). I am dissatisfied with the step 1 response because it was graded wrong. I never complained about sexual harassment. The complaint is cruel and unusual punishment

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

P8

_____
_____
_____
_____
_____

**Offender Signature:** _Brian S. Octer_ (signature)     **Date:** 10-5-2022

**Grievance Response:**



**Signature Authority:** _____     **Date:** _____

| **Returned because:** *Resubmit this form when corrections are made.* | **OFFICE USE ONLY** |
|---|---|
| ☐ 1. Grievable time period has expired. | **Initial Submission**    CGO Initials: _____ <br> Date UGI Recd: _____ |
| ☐ 2. Illegible/Incomprehensible.* | Date CGO Recd: _____ |
| ☐ 3. Originals not submitted. * | (check one) ___ Screened ___ Improperly Submitted <br> Comments: _____ |
| ☐ 4. Inappropriate/Excessive attachments.* | Date Returned to Offender: _____ |
|  | **2nd Submission**    CGO Initials: _____ |
| ☐ 5. Malicious use of vulgar, indecent, or physically threatening language. | Date UGI Recd: _____ |
| ☐ 6. Inappropriate.* | Date CGO Recd: _____ |
|  | (check one) ___ Screened ___ Improperly Submitted <br> Comments: _____ |
| **CGO Staff Signature:** _____ | Date Returned to Offender: _____ |
|  | **3rd Submission**    CGO Initials: _____ <br> Date UGI Recd: _____ <br> Date CGO Recd: _____ <br> (check one) ___ Screened ___ Improperly Submitted <br> Comments: _____ <br> Date Returned to Offender: _____ |

**I-128 Back** (Revised 11-2010)            **Appendix G**

Pg 9



# Texas Department of Criminal Justice
## STEP 2   OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: 2022137440
UGI Recd Date: Oct 17, 2022
HQ Recd Date: Oct 28, 2022
Date Due: 11/26
Grievance Code: 506/599
Investigator ID#: ___
Extension Date: ___

Offender Name: Brian G. Oatman    TDCJ# 2097131
Unit: Connally    Housing Assignment: 12B-39 bottom
Unit where incident occurred: 12F-64

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

By filing this Step 2 Grievance I have for the second time exhausted all administrative remedies provided to me in accordance with the Prison Litigation Reform Act. This Grievance #2022137440 is improperly graded as "Living Conditions" and should have been graded "004-ADA issues". Please see exhibit "A", which is the first grievance I filed about ADA violations on 4-15-2022. That grievance went unanswered. 28 CFR 40.7(e) states "Expiration of a time limit at any stage of the process shall entitle the grievant to move to the next stage of the process. In all instances grievances must be processed from initiation to final disposition within 180 days inclusive of any extensions." That being said, I have personally spoken with Wardens Rayford & Boyd about these issues. Warden Davis' Response to my Step 1, that "inmates in 12 building have the same benefits as other inmates" is a bald-faced lie. In Sain v. Collier 4:18-cv-4412 Doc 59-2, Bryan Collier admitted that "The ECB's and 12 buildings need certain modifications in order to house lower custody offenders who have more privileges and freedoms to move outside of their cells." See: Oatman v. Lumpkin et al 1:21-cv-01177 LY-DH Doc 51 pg 2 (W.D. Tex, Austin) Being housed on the High Security side of the farm is punishment & we are not given the same privileges as other general population inmates. We are continually made to eat next to an open toilet in a dayroom which was only designed for one inmate not 14; we have no access to the G.P. rec yard and are locked in caged dayrooms & a caged High Security rec yard without equal benefits of other G-2's. Inmates in 3, 4, & 19 buildings have 2-TV's in their dayrooms & are allowed access to full court

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

basketball, volleyball & weight machines. We are also denied access to faith based dorms. I am housed in 12 building due to my Native American Religion & my "perceived" health issues because Bryan Collier & the State Classification Committee Improperly housed me in High Security due to a Heat Sensativity Score of PO1. This is Discrimination which violates the ADA, RLUIPA & the Constitution

**Offender Signature:** Bryan A. Oates   **Date:** 10-16-2022

**Grievance Response:**


**Signature Authority:** _____   **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

### OFFICE USE ONLY

**Initial Submission**   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**   CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
(check one) ___ Screened ___ Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)   Appendix G

Pg 11



## Texas Department of Criminal Justice
## STEP 2 OFFENDER GRIEVANCE FORM

Offender Name: **Brian G. Oatman**   TDCJ # **2097131**
Unit: **Connally**   Housing Assignment: **12 F-64 bottom**
Unit where incident occurred: **Connally**

**OFFICE USE ONLY**
Grievance #: **2022084061**
UGI Recd Date: _____
HQ Recd Date: _____
Date Due: _____
Grievance Code: _____
Investigator ID#: _____
Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

By filing this step 2 grievance I have successfully exhausted all administrative remedies provided to me in accordance with the Prison Litigation Reform Act. TDCJ's time limit to respond to this grievance expired on 10-5-22 according to 28 CFR 40.7 (e) "In all instances grievances must be processed from initiation to final disposition within 180 days, inclusive of any extensions". Since filing this grievance and other legal papers the Administration of this Unit has employed a jailhouse snitch to assault me in the dayroom so they could place me in solitary confinement. Ranking Officers, Sgt Kargbo & Lt. Ogunrinda had me pepper sprayed and destroyed my religious items, Legal work, evidence in my two Federal Lawsuits, violating Federal Law 18 U.S.C. § 1512(a)(2). It is a Federal Crime to threaten or assault witnesses in Federal Litigation. I currently have no access to my Native American religious ceremonies such as Smudging, pipe ceremonies for my prayers to the Creator, no access to a flute, drum, Tobacco, Sage, The Commissary does not sell Native American religious items such as medicine bags, medicine wheels, feathers, herbs, Sage, Tobacco, sweetgrass nor cedar for my prayers & I have no access to Native American Chaplains or Native American field ministers. I also have no access to my Alcoholics Anonymous religious services & am being Unconstitutionally held in Segregation housing & denied access to Normal G-5 rec sessions And this Unit is still chronically understaffed so guards are not making their safety rounds & there are no intercoms in my cell. It violates the Constitution to punish me by depriving me of my religious practices

I-128 Front (Revised 11-2010)   YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM   (OVER)

Appendix G

Pg 12

_____
_____
_____
_____
_____

**Offender Signature:** *Brian S. Ortiz* **Date:** 10-23-2022

**Grievance Response:**

_(blank)_

**Signature Authority:** _____ **Date:** _____

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.
☐ 2. Illegible/Incomprehensible.*
☐ 3. Originals not submitted.*
☐ 4. Inappropriate/Excessive attachments.*
☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
   (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**2nd Submission**          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
   (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

**3rd Submission**          CGO Initials: _____
Date UGI Recd: _____
Date CGO Recd: _____
   (check one) ____Screened   ____Improperly Submitted
Comments: _____
Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                **Appendix G**

Pg 13